CLERK'S COPY

FILED
AT ALBUQUERQUE NM
DEC - 3 1999

ROBERT M. MARCH
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WARREN MCDONALD,

      Plaintiff,

vs.                                                                    No. CIV 99-1244 BB/LCS

ANN GARCIA, Program Manager, Torrance
County Detention Facility, DOROTHY SENTZ,
Unit Manager, T.C.D.F., and LINDA LYONS,
Caseworker, T.C.D.F.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendants' Motion to Dismiss, filed November 5, 1999 *(Doc. 3)*, and Plaintiff's motion for an Emergency Hearing to Determine Jurisdiction of Plaintiff's Cause of Action, filed November 15, 1999 *(Doc. 9)*. The Court has examined the motions, the memoranda of the parties and the relevant law. For the reasons stated, the Court finds that Defendants' motion is well-taken and it will be granted. The Court also finds that Plaintiff's motion is not well-taken and it will be denied.

I. Factual Background

Plaintiff is an inmate at the Torrance County Detention Facility. On September 27, 1999, Plaintiff filed the Complaint in this matter with the Seventh Judicial District Court for the State of New Mexico. Plaintiff apparently mailed a courtesy copy of the Complaint to Defendant Ann Garcia on September 16, 1999, prior to the date of filing in state court. On September 28, 1999,

1

Plaintiff mailed a copy of the Complaint, together with a summons and request for waiver of service, to Defendant Garcia. The docket in the state court matter indicates that Defendants' attorney filed a Special Entry of Appearance on October 27, 1999, contesting personal jurisdiction on the basis that Defendants were not properly served. The next day, Defendants removed this case to federal court.

Plaintiff's complaint seeks injunctive relief under 42 U.S.C. § 1983 for alleged violation of his civil rights. The Complaint alleges that Plaintiff's rights under the Due Process clause of the Fourteenth Amendment were violated by Defendants' alleged failure to maintain policies and procedures concerning inmate legal phone calls, requests to review files, law library access and related matters. Plaintiff does not allege that he suffered any harm from the lack of policies and procedures. Plaintiff requests that the Court "[i]ssue an injunction ordering the defendants to create and place in the law library a policy and procedure manual covering all of the areas relevant to state prisoners."

II. Analysis

Plaintiff's Request for Emergency Hearing to Determine Jurisdiction of Plaintiff's Cause of Action challenges the procedure by which Defendants removed this action to federal court. Plaintiff correctly notes that state and federal courts have concurrent jurisdiction over this action, and that Plaintiff properly filed the action in the forum of his choice, i.e., state court. However, Plaintiff does not have the "last word" in selecting a forum. According to 28 U.S.C. § 1441(b), Defendants have a right to remove this cause of action to federal court because Plaintiff's claims are founded on the Constitution and laws of the United States. Further, the laws of civil

2

procedure do not require a motion or hearing in state court before the action is removed – Defendants merely file a notice of removal in federal court and a copy of the notice in state court. *See* 28 U.S.C. § 1446 (b), (d). Plaintiff is correct that the effect of Defendants' tactic of removing this action is "a successful attempt to avoid the scheduled [temporary restraining order] hearing" in state court without the state court judge even having the opportunity to consider whether removal was proper. Nonetheless, the law provides that tactical weapon to Defendants.

Plaintiff also argues that removal was untimely under 28 U.S.C. § 1446(b) because more than thirty days passed from the time Defendants received a copy of the Complaint until the notice of removal was filed. According to Plaintiff, he provided a copy of the Complaint to Defendant Garcia on September 16, 1999, yet Defendants did not file their notice of removal until October 28, 1999. Therefore, Plaintiff argues, Defendants removed the action thirty-one days after it was filed in state court and forty-two days after Defendants received a courtesy copy of the Complaint.

Plaintiff's argument would have had more merit prior to the recent Supreme Court decision of *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 119 S. Ct. 1322 (1999). In that case, the Supreme Court decided that the thirty day time limit for removal does not begin to run until after formal service of the complaint is made, despite the plain language of the statute. *See id.* at 1328. Although three Justices dissented sharply in *Murphy Brothers*, and the Fifth, Seventh, and Eleventh Circuit Courts of Appeal had reached the opposite conclusion before the *Murphy Brothers* decision, nonetheless this Court is bound to respect Supreme Court precedent. Defendants' removal was not untimely because Defendants never were formally served with a copy of the Summons and Complaint. Thus, the thirty day period did not run at all prior to the

filing of the Notice of Removal. Consequently, I find that Defendants' removal was timely.

Defendants' Motion to Dismiss argues that Plaintiff's Complaint fails to state a claim for which relief may be granted. "A district court should not dismiss a complaint pursuant to Rule 12(b)(6) unless it appears beyond doubt that the plaintiff could prove no set of facts in support of [the] claim that would entitle [Plaintiff] to relief." *Riddle v. Mondragon*, 83 F.3d 1197, 1201 (10th Cir. 1996). For the purposes of this motion, the Court accepts all factual allegations of Plaintiff's complaint as true and construes them in the light most favorable to Plaintiff's claims. *See id.* at 1202. Because Plaintiff is proceeding *pro se*, the Court must construe Plaintiff's complaint liberally. *See Penrod v. Zavaras*, 94 F.3d 1399, 1402 (10th Cir. 1996) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).

Defendants argue that Plaintiff has failed to allege that he has exhausted all administrative remedies, as required by the Prison Litigation Reform Act, 42 U.S.C. §1997e (a) as a prerequisite to bringing suit. I disagree. Plaintiff alleges that he brought his grievance to the attention of the programs manager on August 26, 1999 and nothing was done. Plaintiff alleges that he brought his grievance to the attention of the caseworker on September 6, 1999, and was told to quit complaining. Finally, Plaintiff alleges that he brought his grievance to the attention of the Unit Manager on September 13, 1999 and was told "to get a court order or don't bring this situation again." Liberally construing Plaintiff's complaint and accepting Plaintiff's factual allegations as true, I must conclude that either no other administrative remedies are available to Plaintiff or that Defendant Sentz lied to Plaintiff about his options. Defendants do not identify any other administrative remedies that might be available to Plaintiff, and I cannot presume that some unspecified grievance procedure exists in light of Plaintiff's allegations that the Unit Manager of

4

the Torrance County Detention Facility informed him that there were no other administrative remedies available to him. Therefore, I find that Plaintiff's Complaint sufficiently alleges that he has exhausted his administrative remedies for the purpose of this motion to dismiss.

The Court next looks to the merits of Plaintiff's allegations to determine whether the Complaint states a claim for a civil rights deprivation. Plaintiff alleges violation of his rights to due process under the Fourteenth Amendment. In spite of the Complaint's references to the Due Process clause, Plaintiff's allegations do not survive the threshold inquiry of whether Defendants' actions implicate a constitutionally protected interest. *See, e.g., Vitek v. Jones*, 445 U.S. 480, 487 (1980); *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). A prisoner's due process claim must show that the plaintiff has been subjected to an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. Absence of written policies clearly is not such a hardship by itself, and the Complaint does not allege any other injury resulting from the absence of such policies. As a result, even assuming procedures are not published, the Complaint does not "establish relevant actual injury," *Lewis v. Casy*, 518 U.S. 343, 351 (1996), resulting from the alleged lack of procedures. Because the Complaint does not identify a liberty interest in the existence of published procedures, nor a resulting injury, I find that the Complaint fails to state a claim for a Due Process Clause violation.

Plaintiff's only response to the Motion to Dismiss is that Defendants have not yet been served in this case. According to Plaintiff, Defendants cannot move to dismiss a complaint that has not been served on them. I disagree. Service of process is a right that is personal to the Defendants, and may be waived by the Defendants. *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703-04 (1982); *see also* Fed. R. Civ. P. 4(d).

A party who is not served may, nonetheless, remove an action to federal court. *See, e.g., Nogueras-Cartagena v. Rossello-Gonzalez*, 182 F.R.D. 380, 384 (D.P.R. 1998). Once that party is before the Court, there is no logical reason to prevent that party from moving to dismiss the action. In fact, Federal Rule of Civil Procedure 12(b)(5) contemplates that a party who has not been properly served may enter a special appearance for the purpose of moving to dismiss for a deficiency in service. Therefore, I find that there is no merit to Plaintiff's argument that an unserved defendant cannot move to dismiss an action.

III. Conclusion

WHERFORE, IT IS ORDERED that Defendants' Motion to Dismiss *(Doc. 3)*, filed November 5, 1999, is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's motion for an Emergency Hearing to Determine Jurisdiction *(Doc. 9)*, filed November 15, 1999, is DENIED.

IT IS FINALLY ORDERED that this action shall be DISMISSED WITH PREJUDICE. A final judgment shall be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT JUDGE

F:\aaHabeas Orders\99-1244 dismiss